UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )  | Criminal No. |
| ) | 04-10098-WGY |
| v. ) | |
| ) | |
| MANUEL L. MENDES, CHRISTOPHER ) | |
| T. CUSTER, CARMEN FIGUEROA, ) | |
| DESIREE ALVES, WILLIAM TEJEDA,) | |
| and JENNIFER PAVAO, ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S RESPONSE TO MOTION TO SUPPRESS
RECORDINGS OF PRISON TELEPHONE CALLS**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, opposes the motion to suppress recordings of prison telephone calls, filed by the defendant, Carmen Figueroa. This response is submitted in support of its opposition.

**STATEMENT OF THE CASE**

This investigation was initiated when law enforcement officials, investigating the homicide of the brother of defendant Manuel Mendes ("Mendes"), listened to recorded phone calls made by Mendes while incarcerated at the Plymouth House of Corrections ("PHOC").[1]  The content of the recorded calls suggested that, even though Mendes had been sentenced a lengthy prison term for drug trafficking, he continued to operate a drug distribution

---

[1] Mendes is currently serving an eight to ten year sentence, plus one day, for his 2002 conviction of trafficking between 28-100 grams of cocaine.  At the time of this investigation, Mendes was serving his sentence at the PHOC.

organization by using the prison phones.

Based upon these initial calls, agents with the DEA listened to many, but not all, of the calls, and issued an administrative subpoenas to PHOC to obtain copies of some of the reviewed calls. The calls revealed that Mendes was directing his co-defendants, Figueroa, Christopher Custer ("Custer"), and Desiree Alves, in the drug trafficking operation.

### **ARGUMENT**

Figueroa asserts that the recorded calls from PHOC should be suppressed because the recording of the calls violated the federal wiretap laws (Title III of the Organized Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2110 et seq., generally known as Title III), the consent exception did not apply, and the disclosure of the calls to law enforcement officers other than prison officials violated both the Fourth Amendment and Title III. Figueroa also asserts that this is a case of first impression in this circuit. This is not so – on April 19, 2005, the First Circuit issued its decision in United States v. Lewis, ___ F.3d ___, 2005 WL 893622 (1st Cir. April 19, 2005) (copy attached), which is squarely on point and mandates the conclusion that the law enforcement actions in this case were lawful.

In Lewis, law enforcement officers from outside the PHOC approached PHOC seeking access to tape recorded calls of an

inmate hoping to gain evidence on a crime. The calls by the inmate had been taped, but had not been monitored or reviewed by PHOC personnel until the outside law enforcement officials made the request. At that time, law enforcement listened to the tape in the course of a criminal investigation unrelated to prison security issues. Id. at *2. Lewis asserted that the Plymouth telephone policy violated both Title III and Massachusetts state law. Like Figueroa, Lewis claimed that the consent exception to Title III, 18 U.S.C. § 2511(2)(c), was not applicable because the recordings were used for other investigative purposes.[2] Like Figueroa, Lewis also argued that the PHOC prison recordings were an "interception," as that term is used in Title III, and therefore were subject to Title III restrictions. The First Circuit disagreed.

Under the "law enforcement exception" of Title III, if the acquisition of the contents of a communication by an investigative or law enforcement officer is made in the ordinary course of his duties there is no interception under Title III. See, 18 U.S.C. § 2510(5)(a)(ii). In Lewis, the First Circuit concluded that the PHOC telephone system administrator, George Pyne, was an "investigative or law enforcement officer," as defined by the statute, 18 U.S.C. § 2510(7). United States v.

---

[2] While the district court concluded the "consent exception" to Title III applied in the Lewis case, the First Circuit did not reach the issue, since it concluded that the law enforcement exception, § 2510(5)(a)(ii), applied.

Lewis, 2005 WL 893622 at *4.  It also concluded that it was within the ordinary course of a correction officers' business, within the purview of § 2510(5)(a), to monitor or record calls. Id. at *5.  Because of this, the First Circuit concluded, the monitoring or recording of calls at the PHOC fell within the law enforcement exception.  It expressly held that:

> a recording made pursuant to a routine prison practice of monitoring all outgoing inmate calls under a documented policy of which inmate are informed does not constitute an interception for Title II purposes.

Id. at *6.

The court then addressed the question as to whether or not disclosure of the calls to outside law enforcement was unlawful, and concluded that it was not.  It stated:

> Recordings authorized by § 2510(5)(a)(ii) [the law enforcement exception] are "not the product of an interception," consensual or otherwise, governed by Title III; therefore, they are not subject to whatever limitations Title III places upon the disclosure of information that does result from a covered interception."  Smith, 251 F.3d at 1049.

Id. at *6.  The Lewis court therefore found that the PHOC, through Mr. Pyne, acted lawfully when it disclosed the content of recorded calls to outside law enforcement.

So the court must find in this case, as the factual scenario presented to it is no different than that presented in Lewis. Simply put, there was no Title III violation when George Pyne permitted DEA to listen to the recorded telephone calls of Manuel Mendes that assisted them in their drug investigation.

**CONCLUSION**

Based upon this binding First Circuit precedent, Figueroa's arguments fail as a matter of law, and her motion to suppress should be denied.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                  United States Attorney

By:   /s/ Susan M. Poswistilo
       SUSAN M. POSWISTILO
       NANCY RUE
       Assistant U.S. Attorneys