UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. |
| ) | 04-10098-WGY |
| v. ) | |
| ) | |
| MANUEL L. MENDES, CHRISTOPHER ) | |
| T. CUSTER, CARMEN FIGUEROA, ) | |
| DESIREE ALVES, WILLIAM TEJEDA,) | |
| and JENNIFER PAVAO, ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF GEORGE PYNE

I, George Pyne, hereby depose and state as follows:

1. I am currently employed as the Plymouth Telephone System Administrator at the Plymouth House of Corrections ("PHOC") and have been since 1998. As part of my duties, I am responsible for the prison telephone system. I am submitting this affidavit based upon my personal knowledge and upon my review of records within the custody and control of Plymouth House of Corrections.

2. At the time of inmate orientation, inmates are advised that all of their telephone calls, except for attorney calls, will be recorded and are subject to monitoring. The inmates are also required to complete a form, in which the inmate identifies each person he intends to contact by telephone, and the person's telephone number. The form also specifically acknowledges that the use of the inmate telephones will be deemed consent "to the conditions and restrictions placed upon inmate telephone calls, including call monitoring, recording, and call detail."

3. From my review of Plymouth County Sheriff Department records, I learned that at his orientation at the PHOC, Manuel Mendes signed the form which gave his consent to call monitoring, recording and call detail. During the course of his incarceration at PHOC, Mendes periodically updated the form, and each time he re-acknowledged his consent to monitoring and recording.

4. Prior to the start of each call made by an inmate, the inmate and the call recipient are advised by a taped recording that the call is subject to monitoring and recording.

5. The monitoring and recording system for the inmate telephone system is maintained in my office. The equipment has the capability of law enforcement personnel to monitor calls at any given time. Only one call can be monitored at any given time.

6. Under PHOC monitoring policy, outside law enforcement personnel, i.e., non-PHOC law enforcement, are permitted to listen to calls "real time" at the PHOC facility, as long as I, or another PHOC employee that is designated by the Director of Security, remain with the individual monitoring the call.

7. It would be extremely impractical for me to permit a law enforcement official to monitor calls on a real time basis for any length of time especially over a course of 30-days. That would require my obtaining coverage in my office for all the

times that I was not physically there; it would also inhibit my ability to perform my duties at the PHOC if outside law enforcement personnel maintained a constant flow in and out of my office in order to monitor calls over an extended period of time.

8. Outside law enforcement officials are not permitted to bring their own recording and/or monitoring equipment into the PHOC facility, and they are not permitted in any way to record the calls to which they are listening "real time."

9. I am not authorized to release copies of the recorded calls unless I am provided with a court order, subpoena and/or warrant.

I declare under penalties of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed in Plymouth, Massachusetts, this 19th day of April, 2005.

*[signature]*
GEORGE PYNE