UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 04-10098-WGY |
| ) | |
| v. ) | |
| ) | |
| CARMEN FIGUEROA, ) | |
|     Defendant ) | |

**MOTION TO CONTINUE TRIAL AS TO DEFENDANT CARMEN FIGUEROA**

NOW COMES, Carmen Figueroa, a Defendant in the above-captioned indictment and moves that her trial be continued from Monday, May 2, 2005 to on or after July 6, 2005 for the following reasons:

1. On or about April 1, 2005 Defendant Figueroa, at the insistence of her family and a close family friend who was aware of her relationship with co-defendant Manuel Mendes, disclosed to counsel for the first time that she had been in an abusive relationship with Mr. Mendes since she was thirteen (13) years old.

2. In probing that relationship counsel learned that Mr. Mendes had been both physically and emotionally abusive to her. After he impregnated her at age thirteen (13) and had his baby (contrary to his wishes, since he wanted her to get an abortion), Mr. Mendes began setting out rules for her which she was required to follow or suffer the consequences at his hands. He restricted her movement, had her watched and punished her is she did not comply with his demands.

3. Defendant Figueroa expressed her fear of Mr. Mendes, a fear which extended to the times when he was incarcerated. She knew and believed that he had a number of individuals "on the street" who reported to him about her and were prepared to discipline her is she did not do what Mr. Mendes wanted.

4. Because of counsel's previous involvement in cases where "battered woman / spouse syndrome" was an issue, he filed a motion for funds to acquire the services of a psychiatrist / psychologist knowledgeable about "battered woman / spouse syndrome". The motion for funds was allowed on April 5, 2005. The Court was notified of the issue and the circumstances at a side bar conference during the final pre-trial conference hearing.

5. Counsel immediately attempted to retain a psychiatrist to examine Ms. Figueroa. The first psychiatrist approached, who counsel had retained on several cases, after hearing a preliminary outline of the cases reported that she did not have enough familiarity with the syndrome and enough time to devote to the case as she believed she needed. She gave counsel referrals to two (2) psychiatrists with practical experience.

6. It has taken counsel several days to reach the second psychiatrist. She had to decline the matter due to her commitments. She referred counsel to a third psychiatrist.

7. After briefing Dr. Deborah Pinals and the times parameters she stated that she did not have the time it would take for a thorough evaluation of Ms. Figueroa, She did however agree to provide generic testimony about

      battered woman syndrome, including the nature and symptomology of the syndrome and how women suffering from the syndrome relate to react to their batterer's.

8. Defendant, due to these circumstances, requests a continuance so that she can present what amount to her only defense to the charges.

Respectfully submitted,
**CARMEN FIGUEROA**

Dated: April 27, 2005

/S/ John H. LaChance
John H. LaChance, Esq.
BBO# 282500
600 Worcester Road
Suite 501
Framingham, MA 01702
Tel: (508) 879-5730
Fax: (508) 879-2288