UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| v. ) | Case No. 04-10098-WGY |
| MANUEL L. MENDES, ) | |
| CHRISTOPHER T. CUSTER, ) | |
| CARMEN FIGUEROA, ) | |
| DESIREE ALVES, ) | |
| WILLIAM TEJEDA, ) | |
| and JENNIFER PAVAO, ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S MOTION TO EXCLUDE EVIDENCE AND GOVERNMENT'S OPPOSITION TO CONTINUANCE**

Defendant Carmen Figueroa has moved for a continuance of the trial scheduled for May 2, 2005, in order to obtain an examination by an expert who would be able to testify regarding Battered Woman's Syndrome. Because such testimony would be irrelevant both to the elements of the crime with which she is charged and to any defense cognizable under federal law, and because such testimony would be confusing to the jury, the government respectfully moves to exclude presentation of any such evidence to the jury in this case. Additionally, since the evidence sought would be inadmissible, the government respectfully opposes a continuance for such purpose. Finally, the government notes that disclosure of such testimony is past due under the rules of this Court, and therefore any such evidence should be excluded for this reason as well.

**FACTS RELATED TO SPECIFIC INTENT**

Defendant Figueroa asserts that in this case, the purpose of introducing the battered woman's syndrome evidence is to present a "defense of lack of criminal intent/coercion/duress."

<u>See</u> Exhibit 1. Figueroa asserts that the abuser/batterer was co-defendant Manuel Mendes, who, it is undisputed, was housed in Plymouth County House of Corrections during the entirety of the timeframe alleged in the indictment.

In order to understand the possible contours of defendant's proposed evidence, it is useful to understand the nature of the evidence that the government will present with regard to this defendant.

Carmen Figueroa knowingly participated in a conspiracy to possess with intent to distribute more than 1.5 kilograms of crack cocaine:

- Figueroa traveled to New York with Alves and others to pick up crack from Tejeda, the New York source of supply
- Figueroa brought crack back to her home and divided it up into smaller parcels for re-sale
- Figueroa directed other persons to travel to New York to pick up crack and accepted the deliveries at her home to divide up and repackage
- Figueroa provided the re-packaged crack to Custer to distribute
- Figueroa provided cash to other persons to pay for the New York purchase of crack
- Figueroa stored the proceeds from crack sales at her home
- Figueroa received and spent the proceeds from crack sales
- Figueroa opened a safe deposit box in which to deposit the proceeds of crack sales.

## ARGUMENT

Battered woman's syndrome is not a defense. It is not a legal theory. It is a syndrome recognized by some members of the psychiatric community to provide a context for how an individual, based on a history of abusive behavior, may perceive and react to a set of stimulae. For certain crimes in which the <u>subjective</u> perception of the defendant is at issue, such as self defense, courts have recognized that evidence of battered woman's syndrome (or battered spouse syndrome) may be helpful to a jury to understand how the defendant could perceive a person to

pose an immediate, serious threat when a "reasonable person" would not otherwise deem the threat to be immediate.  See generally W. LaFave & A. Scott, Substantive Criminal Law § 5.7(d), at 656-57.

**A.    The Proposed Testimony Would Not Be Relevant to Mens Rea/Specific Intent**.

In the instant case, evidence regarding battered woman's syndrome is not relevant as a matter of law to the question of criminal intent, and such evidence should therefore be excluded.[1] Even if the defendant is ultimately able to obtain an opinion that Figueroa fits the profile of a battered woman, it is not relevant to the specific intent for the crime alleged.  She is charged with conspiracy to possess with intent to distribute crack cocaine.  "The 'essence' of conspiracy is an *agreement* to commit a crime," United States v. Moran, 984 F. 2d 1299, 1300 (1st Cir. 1993) (emphasis by the Court), but the "agreement may, of course, be inferred from other evidence, including course of conduct."  Id.  In order to prove its case, the government need show only that Figueroa knowingly undertook activities to facilitate the substantive offense of distribution of crack.  United States v. Piper, 35 F.3d 611, 615-616 (1st Cir. 1994). "A defendant need not have had the intent personally to commit the substantive crime."  Id. at 615.  She does not have to have desired the distribution of crack, or subjectively wanted it to happen.  "Whether or not [s]he meant personally to participate in the distribution of the contraband, [she] knowingly assisted in its asportation, with foreknowledge . . ." that the conspiracy extended to the distribution and sale

---

[1] The government notes that, since defendant has not provided any expert report indicating that defendant actually manifests symptoms of battered woman's syndrome, this discussion is in the abstract only, based on counsel's description of his intended defense.  The government may have additional specific objections to any report ultimately produced by the defendant.

of the crack by others.  Id.  Regardless of whether she undertook this course of conduct out of desire to please defendant Mendes or out of fear of him, or, as is the more usual case for drug dealers, out of greed for the easy cash that the crack sales provided, she knowingly undertook the course of conduct.  Therefore, the proposed evidence would not be relevant to the question of criminal intent.

Indeed, the First Circuit has specifically affirmed the exclusion of psychiatric evidence on the question of criminal intent in a similar cocaine conspiracy case.  In United States v. White, 766 F.2d 22, 24-25 (1st Cir. 1985), defendant sought to introduce psychiatric testimony regarding her "'mental state' . . . for the purpose of establishing lack of specific intent, an essential element of the crimes charged."  Id.  In White, the defendant proffered evidence that "because of the influence exerted upon her by her mother, she was unable to resist her mother's request for assistance, and was thus compelled to aid her in her drug dealing."  Id.  The First Circuit held that the district court properly excluded psychiatric evidence on this question as "irrelevant."  Id. at 24.  The Court held that "if the defendant is in fact cognizant that the law is being violated by the proscribed actions, i.e., is capable of forming specific *criminal* intent," then evidence of the motives behind her actions is simply "irrelevant."  Id.  See also United States v. Kepreos, 759 F.2d 961, 964-65 (1st Cir. 1985) (expert testimony as to mail fraud defendant's subjective lack of awareness was properly excluded as misleading and of questionable utility).  A "generalized fear" of harm does not afford a viable defense to the intent element of a conspiracy charge.  United States v. Alzanki, 54 F.3d 994, 1003 (1st Cir. 1995).

Ultimately, psychiatric testimony is simply not helpful to the jury in most cases outside the insanity defense.  In a case that presented a far closer question than the case of Figueroa, the

4

First Circuit has ruled that psychiatric evidence was properly excluded.  In United States v. Schneider, 111 F.3d 197, 201-04 (1st Cir. 1997), the defendant was accused of mail and wire fraud arising out of a scheme where Schneider purchased more than $200,000 goods on credit and re-sold them without paying for them.  Id. at 199.  Schneider sought to introduce psychiatric evidence that prescription drugs that he had been legally prescribed were medically inappropriate, and may have led to impaired judgment.  Id. at 199, 202.  The First Circuit noted that this may have been relevant because the government was required to prove "intent to defraud" and "it is quite possible to order goods on credit and later not pay for them, without having an intent to deceive."  Id. at 203.  Nevertheless, the Court concluded that under Federal Rule of Evidence 403, the evidence was properly excluded because it would be confusing to the jury.  The Court noted that where evidence might be a piece of a claim of lack of specific intent, but fell short of proof, psychiatric evidence might confuse the jury into thinking that it presented a claim of temporary insanity.  Id.  See also United States v. Brown, 326 F.3d 1143, 1148 (10th Cir. 2003) (where psychiatrist was unable to show how post-traumatic stress disorder tended to negate the specific intent element for conspiracy to distribute drugs, evidence was excluded).

By contrast, in the instant case, the proposed psychiatric testimony would not even be relevant to the guilt phase of the trial.  Here, the intent requirement is "knowing."  In contrast with the "intent to deceive" required in Schneider, which the Court noted was not necessarily inferred from the course of conduct undertaken by Schneider, the course of conduct undertaken by Figueroa as described above, if proven by the government, shows knowing facilitation of a conspiracy to distribute crack.  United States v. White, 766 F.2d at 24.  See also United States v. Alzanki, 54 F.3d at 1003; United States v. Pohlot, 827 F.2d 889, 906-07  (3d Cir.

1987)(conscious and knowing actions by defendant determined whether mens rea was present, regardless of psychologist's conclusions regarding the motivations for those actions). Given Figueroa's knowing course of conduct, she "thus possessed the requisite mens rea." United States v. Piper, 35 F.3d at 615. Id. And, in the succinct expression of the First Circuit: "That ends the matter." Id.

**B.    The Proposed Testimony Would Not Be Relevant to Duress/Coercion.**

Separate and apart from alleging a "lack of mens rea," defendant also asserts that battered woman's syndrome evidence will be presented as part of a defense of coercion or duress. However, under the law of the First Circuit, this likewise fails, and therefore, the evidence should be excluded. First Circuit law regarding duress is clear:

> A duress defense has three elements: 1) an immediate threat of serious bodily injury or death, 2) a well-grounded belief that the threat will be carried out, and 3) no reasonable opportunity to escape or otherwise to frustrate the threat.  See United States v. Arthurs, 73 F.3d 444, 448 (1st Cir. 1996).

United States v. Bello, 194 F.3d 18, 27 (1st Cir. 1999). See also United States v. Amparo, 961 F.2d 288, 291 (1st Cir. 1992). A threat of future harm is not sufficient. United States v. Arthurs, 73 F.3d at 449 [citing United States v. Wells, 773 F.2d 230, 232 (8th Cir. 1985) and W. LaFave & A. Scott, Criminal Law § 5.3(b), at 436 (1986)].

Evidence of battered woman's syndrome, even if present (see footnote 1), would not be relevant to a defense of duress. Duress, as set forth above, is based on objective standards. United States v. Castro-Gomez, 360 F.3d 216, 219 (1st Cir. 2004). There must be an immediate threat, a well grounded belief, and no reasonable opportunity to escape. If any of these three elements is lacking, duress cannot be shown. Arthurs, 73 F.3d at 449. "[C]ourts do not examine

the defendant's subjective perceptions about whether the threat was likely to be acted upon or whether escape was possible." Castro-Gomez, 360 F.3d at 219. If a reasonable person would have perceived an opportunity to go to law enforcement for assistance, but the defendant failed to avail herself of government protection, the defense of duress fails. Id. [citing LaFave & Scott, § 5.3 at 619-622, esp. 619 n.33 (collecting cases)].

In the instant case, Figueroa's alleged abuser, defendant Mendes, was in jail during the entirety of the alleged conspiracy. Therefore, as an objective matter, Figueroa cannot show any of the elements: she cannot show an immediate threat from Mendes of serious bodily harm, she cannot show a well grounded belief that that threat will be carried out, and she cannot show that there was no opportunity to escape. He was in jail, and had been for more than eight months before the starting date of the conspiracy. While she may have perceived that he would arrange for others to "punish her" if she did not do what he wanted, Defendant's Motion at ¶ 3, as an objective matter, she had opportunities to seek assistance from law enforcement and did not do so. Figueroa may well assert that she was afraid of Mendes, that he had harmed her in the past, that she feared he would harm her in the future, and that she had learned a pattern of conduct of appeasing him in order to avoid harm. However, such a claim would not, as a matter of law, sustain a finding of duress, because Figueroa cannot, as a matter of law, show a lack of opportunity for escape from the threatened harm given that the alleged source of the threat was in jail. When a defendant cannot as a matter of law sustain her burden of the elements of a defense, the Court should exclude the evidence. See Castro-Gomez, 360 F.3d at 219.

Indeed, three Circuit Courts of Appeal have rejected the use of battered woman's syndrome to support a lack of consent or duress defense. In United States v. Sixty Acres in

7

Etowah County, 930 F.2d 857, 860 (11th Cir. 1991), Evelyn Ellis asserted that she had not consented to her husband's use of her property for drug deals, and was therefore an innocent owner of the property.  In support of these assertions, she presented evidence that she had learned after she was married that her husband had beaten his first wife to death, that he had choked her, and that he had told witnesses that if she ever left him or ever reported his drug activities to authorities that he would kill her.  The district court concluded from the evidence that Evelyn Ellis was, effectively, "her husband's 'slave'," and that she was therefore "physically and mentally incapable of stopping Mr. Ellis' drug activities or reporting him to authorities.  Id. The Eleventh Circuit reversed, holding that as a matter of law, these circumstances did not amount to duress.  Id. at 861.  The Court noted that "circumstances justify a duress defense only when the coercive party threatens *immediate* harm which the coerced party cannot reasonably escape."  See also United States v. McGuire, 3:03cv118/ RV/MD (N.D. Fla. Feb. 10, 2005) (attached as Exhibit 2, at pages 14-17)(concluding that counsel in a drug conspiracy case was not ineffective for failing to assert a duress defense based on battered woman's syndrome, because such evidence was properly presented at sentencing rather than in the guilt phase).

     Likewise, in United States v. Johnson, 956 F.2d 894, 897-899 (9th Cir. 1992), the Ninth Circuit determined that battered woman's syndrome could not support a defense of duress, because the formula for duress is addressed to the impact on a reasonable person, and the defendant's "special vulnerability" cannot be taken into account in determining criminal liability.  Id. (discussing syndrome at length and noting that these factors were relevant at sentencing).  The Fifth Circuit followed suit in United States v. Willis, 38 F.3d 170, 176-77 (5th Cir. 1994), affirming the exclusion of psychiatric testimony regarding battered woman's

syndrome "for purposes of determining criminal responsibility, to whether the defendant acted under duress."  Id.

As these courts properly concluded, psychiatric evidence is not relevant to a defense of duress, because the standard against which duress is measured is an objective one.  Accordingly, the proposed evidence should be excluded.[2]

**C.      The Admissibility of the Evidence Should be Determined Before the Jury Is Sworn.**

The government respectfully notes that while the Court may otherwise be inclined to consider this matter during the course of the trial in order to review it in light of the evidence, it is in the interest of justice that the determination in this case instead be made before the jury is sworn.  As candidly noted in the motion to continue filed by counsel for Defendant Figueroa, the psychiatric evidence is "her only defense to the charges" (¶ 8)  – the factual evidence against Figueroa regarding her course of conduct is overwhelming.

Under recent First Circuit law, it is now clear that if Figueroa stands trial in order to present her psychiatric testimony, she cannot be given a reduction in sentence under the Sentencing Guidelines for "acceptance of responsibility."  In United States v. Gorsuch, 03-2337 (1st Cir. April 19, 2005), the First Circuit reversed the trial court's determination that a diagnosed schizophrenic defendant who presented an insanity defense after admitting to the basic facts of a bank robbery indictment was eligible for a two-level reduction in her guidelines range based on acceptance of responsibility.  The defendant argued, and the district court agreed,

---

[2]If this Court does not exclude the evidence, the government seeks a continuance in order to obtain its own expert to examine Figueroa and the evidence presented by Figueroa's expert.

that she was entitled to the adjustment because "she had never disputed the historical facts alleged by the government." Slip opinion at 3. The First Circuit disagreed and reversed. The First Circuit noted that by putting on an insanity defense, the defendant "denied an essential <u>factual</u> element of guilt when she asserted at trial that she lacked the capacity to form the <u>mens rea</u> (and thus lacked the <u>mens rea</u>) necessary for the imposition of criminal responsibility." Slip opinion at 7. Accordingly, applying a rule that had been announced in the self-defense case of <u>United States v. Bello</u>, 194 F.3d 18 (1st Cir. 1999), the First Circuit held that the decision to present a defense to the mental state was a denial of responsibility which prohibits credit for acceptance of responsibility.

The government respectfully submits that, because defendant cannot stand trial in order to present a defense of duress and still obtain guidelines credit for acceptance of responsibility, it is appropriate for the Court to rule on the admissibility of the psychiatric evidence prior to trial.

## **CONCLUSION**

Accordingly, under First Circuit precedent, the evidence that Figueroa seeks to present is not admissible and should be excluded. Therefore, the continuance should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Nancy Rue
      Susan Poswistilo
      Nancy Rue
      Assistant U.S. Attorney