UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>　)　CR No.: 04-10098-WGY<br>　)<br>v.　)<br>　)<br>　)<br>　)<br>　)<br>CARMEN FIGUEROA,　)<br>　　Defendant　)　| |

**MEMORANDUM IN RE: BURDEN OF PROOF ON THE ISSUE OF DURESS**

The Court has requested the parties to brief the issue of who has the burden of proof with respect to the issue of duress: the defendant or the government. Defendant submits that the government has the burden of disproving that the defendant acted out of duress once defendant has introduced evidence sufficient to obtain a duress instruction.

The pattern instruction on duress in the First Circuit makes it clear that the burden of disproving duress beyond a reasonable doubt lies firmly on the government:

> Defendant, Carmen Figueroa cannot be found guilty if she participated in the conspiracy to distribute "crack" cocaine only because defendant: (1) acted under an immediate threat of serious bodily injury or death; (2) had a well-grounded belief that the threat would be carried out; and (3) had no reasonable opportunity to escape or otherwise frustrate the threat. On this issue, just as on all others, the burden is on the government to prove defendant's guilt beyond a reasonable doubt. To find Carmen Figueroa guilty, therefore, you must conclude beyond a reasonable doubt that when she participated in the conspiracy: (1) no such threat occurred or it was not immediate; (2) defendant has a reasonable opportunity to escape or otherwise frustrate the threat but did not exercise it; or (3) defendant did not have a well-grounded belief that the threat would be carried out. Pattern Jury Instructions of the First Circuit , Criminal

Cases, Instruction No.: 5.05 (1998).

Before this instruction is given to the jury, the defendant must meet the entry-level burden of producing evidence to support each of the three elements of duress set forth above. *See,* United States v. Arthurs, 73 F.3d 444, 448 (1st Cir. 1996); United States v. Amparo, 961 F.2d 288, 291 (1st Cir.), cert. denied, 506 U.S. 878, 113 S.Ct. 224, 121 L.Ed.2d 161 (1992). This requirement, however is only a burden of production. The burden of *persuasion* remains with the government to prove the absence of duress beyond a reasonable doubt, at least if the charged crime requires *mens rea*. *See*, Amparo, *supra*, 961 F.2d at 291, *see, also,* United States v. Bailey, 444 U.S. 394, 415-416, 100 S.Ct. 624, 637-38, 62 L.Ed.2d 575 (1980); United States v. Ciambrone, 601 F.2d 616, 626-27 (2nd Cir. 1979); Model Penal Code § 2.09. *See also,* United States v. Campbell, 609 F.2d 922 (8th Cir. 1979); United States v. Toney, 27 F.3d 1245 (7th Cir. 1994).

Thus, although the burden of production is on the defendant, the government retains the ultimate burden of proof and the jury should be so instructed.

|  |  |
|---|---|
|  | Respectfully submitted<br>**CARMEN FIGUEROA**<br>by her Attorney, |
| Dated: May 9, 2005 | /s/ John H. LaChance<br>John H. LaChance, Esq.<br>BBO# 282500<br>600 Worcester Road<br>Suite 501<br>Framingham, MA 01702<br>Tel:  (508) 879-5730<br>Fax: (508) 879-2288 |