UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** ) | | |
|     v. ) | Case No. 04-10098-WGY | |
| **CARMEN FIGUEROA** ) | | |
|     Defendant ) | | |

## GOVERNMENT'S MEMORANDUM OF LAW REGARDING DURESS AND BURDEN OF PROOF

Defendant Carmen Figueroa has asserted that she will make a showing of duress. The government asserts that the claims made in her opening statement would not, if proven, constitute duress, and that no facts currently in evidence support a finding of duress. If, however, the defendant should submit during her case in chief evidence sufficient to merit a jury instruction, the government submits that the burden of proof is on the defendant to prove duress by a preponderance of the evidence.

The government notes that the First Circuit Court of Appeals has asserted in dicta that "[w]hen a predicate warranting a duress instruction has been laid, the government is saddled with the additional burden of showing beyond a reasonable doubt that the defendant's criminal acts were not the product of duress." United States v. Arthurs, 73 F.3d 444, 448 (1st Cir. 1996), citing United States v. Amparo, 961 F.2d 288, 291 (1st Cir. 1992). However, the government asserts that upon fuller consideration, the First Circuit would, like the Ninth Circuit, abandon its dicta and conclude that the burden lies with the defendant, by a preponderance of the evidence.

In United States v. Dominguez-Mestas, 929 F.2d 1379, 1383 (9th Cir. 1991), the Ninth Circuit Court of Appeals held, in a narcotics case, that a defendant has the burden of proving a defense of duress by a preponderance of the evidence. In that case, the Ninth Circuit recognized that it had previously stated in dicta that, once sufficient evidence had been produced by the defendant to merit submission to the jury, the government bore the burden of proving lack of

duress beyond a reasonable doubt.  Id., citing United States v. Hearst, 563 F.2d 1331 (9th Cir. 1977), United States v. Guess, 629 F.2d 573 (9th Cir. 1980), and United States v. Gonsalves, 675 F.2d 1050 (9th Cir. 1982).  However, when squarely presented with the issue, the Ninth Circuit rejected its previous position:

> When, as here, a defense of duress does not involve refutation of any of the elements of the offense we conclude that it is proper to place the burden of proving that defense by a preponderance of the evidence on the defendant.  To require the government to prove beyond a reasonable doubt the absence of duress would create a standard that would be nearly impossible to satisfy.  In many cases, as in the case before us, the sole evidence of duress is the testimony offered by the defendant.  Often, as here, those to whom the defendant refers either cannot be located or are outside the United States and not subject to subpoena power.  In such cases, the government cannot possibly meet its burden of proving the absence of duress beyond a reasonable doubt.  Even if the government is effective in impeaching the credibility of the defendant, it may not meet its burden of proving the absence of duress.
>
> Finally, requiring the government to prove the absence of duress beyond a reasonable doubt would create a potential for abuse.  Because it is extremely difficult for the government to prove the absence of duress beyond a reasonable doubt, a burden which is heightened in the context of border cases, see United States v. Contento-Pachon, 723 F.2d 691 (9th Cir.1984), the standard invites a defendant to tell a tale of duress, thereby placing a nearly insurmountable burden on the government.  While we cannot permit practical considerations to override constitutional protections, they are appropriately taken into account in formulating rules of federal practice.   Thus, we decline to impose upon the government the burden of proving the absence of duress beyond a reasonable doubt.

United States v.Dominguez-Mestas, 929 F.2d 1379, 1383 (9th Cir. 1991).

The government asserts that the Ninth Circuit's holding is correct.  The Supreme Court of the United States has held that the placement of the burden onto the defendant to prove an

affirmative defense is constitutional. Patterson v. New York, 432 U.S. 197, 206 (1977). The Court noted that so long as the government is still required to prove the elements of an offense beyond a reasonable doubt, the Constitution is satisfied. Once the government has met its burden, the defendant may nonetheless be permitted to demonstrate an excuse for the crime – but the government is within its rights to place that burden on the defendant. Id. The Supreme Court renewed this holding in Martin v. Ohio, 480 U.S. 228 (1987). In both of these cases, the Court noted that at common law,

> the affirmative defenses, including self-defense [and duress], were matters for the defendant to prove. "This was the rule when the Fifth Amendment was adopted, and it was the American rule when the Fourteenth Amendment was ratified."

Martin, 228 U.S. at 235 (citing Patterson, 432 U.S. at 202).

Consistent with the Supreme Court's determination, numerous federal criminal statutes which provide for an affirmative defense place the burden of proving that defense on the defendant. See 18 U.S.C. § 1512(e) (in obstruction statute, defendant bears the burden of proving by a preponderance of evidence that his intention was to encourage lawful testimony); 18 U.S.C. § 2320 (with regard to trafficking in counterfeit goods, all affirmative defenses available under the Lanham Act shall be proven by the defendant by a preponderance of the evidence).

For the reasons stated in Dominguez-Mestas, the government asserts that this Court should determine that the burden with regard to duress as a defense to conspiracy in a narcotics case should likewise rest with the defendant. As the Court noted in Dominguez-Mestas, the government must still shoulder its burden with regard to the elements of the offense. The defendant has been placed on notice regarding the government's allegations months in advance.

Once those elements are proven, the "facts" regarding a defense of duress largely lie with the defendant. The defendant knows who put him/her under duress, knows the manner of the duress, knows the reasons that the threats were convincing, and knows what efforts he/she undertook to escape the duress. By contrast, the government has no advance notice of the claims that will be made, and little or no opportunity to investigate those claims once presented. Instead, the government learns of the claims of duress as they are played out in court. Under those circumstances, even if such claims were factually disprovable, the opportunity for the government to amass the responsive evidence during trial is limited, and likely impossible.

    Accordingly, the government respectfully submits that with regard to a defense of duress, the defendant bears the burden of proving each of the elements by a preponderance of evidence.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

By:   /s/ Nancy Rue
    Susan Poswistilo
    Nancy Rue
    Assistant U.S. Attorneys