UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Criminal No. |
| | ) | 04-10098-WGY |
| v. | ) | |
| | ) | |
| **CARMEN FIGUEROA and WILLIAM** | ) | |
| **TEJEDA,** | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S SUPPLEMENTAL JURY INSTRUCTION ON DURESS**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, submits the following proposed supplemental request for jury instructions for consideration by the Court in the trial of the above-captioned case, should the Court submit the question of duress to the jury.  The government requests leave to supplement, modify, or withdraw these instructions as may become necessary.

Respectfully submitted,

**MICHAEL J. SULLIVAN**
United States Attorney

By:  /s/ Nancy Rue
     **NANCY RUE**
     **SUSAN M. POSWISTILO**
     Assistant U.S. Attorneys

**GOVERNMENT'S PROPOSED JURY INSTRUCTION**

**<u>DURESS</u>**

A duress defense has three elements:

1) an immediate threat of serious bodily harm, or death;
2) a well-grounded belief that the threat will be carried out;
3) no reasonable opportunity to escape or otherwise frustrate the threat.

<u>United States v. Bello</u>, 194 F.3d 18, 27 (1st Cir. 1999).

A lingering threat of future harm is insufficient.

<u>United States v. Arthurs</u>, 73 F.3d 444, 449 (1st. Cir. 1996).

Duress is not present if there was a reasonable, legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm.

<u>United States v. Arthurs</u>, 73 F.3d 444, 449 (1st. Cir. 1996) (citing <u>United States v. Bailey</u>, 444 U.S. 394 (1980).

The question is not the defendant's subjective perceptions about whether the threat was likely to be acted upon or whether escape was possible.  Rather, the question is whether a person of ordinary firmness and judgment would have acted in the manner of the defendant.

<u>United States v. Castro-Gomez</u>, 360 F.3d 216, 219 (1st Cir. 2004)

"The duress defense is unavailable if the defendant recklessly placed herself in a situation in which it was probable that she would be subjected to duress."

<u>United States v. Castro-Gomez</u>, 360 F.3d 216, 219 (1st Cir. 2004) [genders changed from original]

In a case of duress, "there must be no time for a complaint to the authorities or there must exist a history of futile complaints which make any benefit from such complaints illusory."

<u>United States v. Alicea</u>, 837 F.2d 103, 105 (2d Cir. 1988)