```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )   Criminal No.
                             )   04-10098-WGY
        v.                   )
                             )
CARMEN FIGUEROA,             )
                             )
        Defendant.           )
```

### GOVERNMENT'S OPPOSITION TO
### DEFENDANT FIGUEROA'S MOTION FOR NEW TRIAL

The United States of America, by its attorney Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully opposes the motion of the defendant, Carmen Figueroa ("Figueroa"), for a new trial and submits this memorandum in support of its opposition.

### STATEMENT OF THE CASE

On May 20, 2005, Figueroa was convicted of conspiracy to possess, and to possess with intent to distribute, cocaine base from the period of January, 2003, through March 16, 2004, in violation of 21 U.S.C. § 846. The jury also found that the conspiracy involved more than 1.5 kilograms of cocaine base. During the trial, Figueroa raised a defense of duress, and testified on direct examination about her fear of Manuel Mendes and specific instances of violence by Manuel Mendes to her, beginning when she was 13 years old.

After her conviction, Figueroa filed a motion for a new trial, claiming six different items of error, including a claim that it was error to exclude "evidence of what defendant told

others about her abuse prior to her arrest <u>after</u> a co-defendant's counsel accused her of making up the duress "defense" during his cross-examination of her."  (Emphasis supplied).  Contrary to the local rules, Figueroa failed to file a memorandum of law supporting her position on these six issues, and the government's initial opposition to the motion summarily opposed the motion. Nonetheless, the Court held a hearing on the motion on July 20, 2005, at which time Figueroa argued only the issue specified above.  At the conclusion of the hearing, the Court took the matter under advisement, and authorized the government to file a memorandum on the issue, as stated by Figueroa at the hearing.

At the July 20, 2005 hearing, counsel for Figueroa stated that he attempted to elicit prior consistent statements from two witnesses to rebut a charge of recent fabrication.  He stated that he attempted to ask two witnesses proffered by him about Figueroa "telling these two individuals about instances of misconduct . . ."  Counsel also stated that he made a proffer at side bar outlining their prospective testimony.

A review of the transcript reveals that the proffer to which Figueroa's counsel referred on July 20, 2005 did **not** relate to a proffer of prior consistent statements.  Rather, the proffer centered around anticipated testimony of statements made by Manuel Mendes to the proposed witnesses.  Specifically, with respect to one witness, counsel proffered:

2

> She would, has actually testified that she came to know Ms. Figueroa better, she knew her before but she knew her much better after her arrest, that on several occasions she wanted her to go out. And that she would ask her to go out but that Ms. Figueroa would say, well, you would have to check with Manny first and get his permission because I can't go out unless he okays it. That's while she still lived at Tyrianne Mendes's house.
>
> This woman would also indicate that she had a, had a conversation with Manny which she eventually, well, not eventually, but Carmen Figueroa was in the room and she told Carmen after she got off the phone that when she basically protested, you know, why do we have to ask, you know, if she can go, if she can go out, and he tells her that I've controlled her since, you know, she was 12, 13.

Trial Transcript, May 1, 2004, pp. 103-104 (copy attached). With respect to the second witness, Tarina Benoit, counsel stated that she "had corroborative evidence of a lot of the stuff." Id.

The Court ruled that statements made by Mendes were not admissible. It stated that "what she says . . . goes to her state of mind and corroborates the position she's taken here and for that limited purpose you may call this witness."

Figueroa called both witnesses. The first, Kianna Harris ("Harris"), testified very briefly. Her testimony included a time when she asked Figueroa to go out and Figueroa responded that they had to ask for Mendes' permission. (Trial Transcript, p. 108). She also testified that Figueroa knew there were consequences to be faced if Figueroa went out against Mendes'

will.  Id.  A follow-up question about whether the witness had conversations with Mendes was sustained, as was a question about whether or not the witness did anything as a result of conversations she had with Ms. Figueroa.  Id.

Tanina Benoit ("Benoit"), Figueroa's second witness, testified for a slightly lengthier period.  She corroborated Figueroa's testimony in many respects, in that she testified that Figueroa had to ask Mendes' permission before she went out (Transcript, pp. 112, 118), testified that Mendes called Figueroa frequently (Transcript, p. 112), and testified about a specific instance where she witnessed part of a violent interaction between Mendes and Figueroa (Transcript, p. 114).  After testifying about what she personally saw during the incident, Benoit was asked whether she spoke to Figueroa after the incident, and what Figueroa had said about the portions of the incident that Benoit did not witness.  (Transcript, p. 115-116).  The court sustained the government's objection to this question.  Other than that objection, no other questions were asked, and no objections sustained, that could even remotely touch upon a prior consistent statement.

## ARGUMENT

Figueroa's motion for a new trial must be denied.  Under Rule 33 of the Federal Rules of Criminal Procedure, a court may grant a new trial "if the interest of justice so requires."

4

F.R.Crim.Pro. 33.  The First Circuit has interpreted this rule narrowly, finding that the remedy of a new trial "is sparingly used, and then only where there would be a 'miscarriage of justice . . . and where the evidence preponderates heavily against the verdict.'" United States v. Indelicato, 611 F.2d 376, 386 (1st Cir. 1979), *quoting* United States v. Leach, 427 F.2d 1107, 1111 (1st Cir. 1970).  Accordingly, the granting of a new trial motion is "only warranted in . . . rare circumstances[s]" where a new trial would be in the interest of justice.  United States v. Rosario-Diaz, 202 F.3d 54, 66 (1st Cir. 2000); see also United States v. Arroyo, 301 F. Supp. 2d 217, 225 (D. Conn. 2004) (holding that new trials should be reserved for instances in which "it would be manifest injustice to let the guilty verdict stand").

    This case is not the rare circumstance where a new trial would be in the interest of justice.  First, it is questionable as to whether any error occurred at all during the trial.  The only question could possibly be interpreted as a prior consistent statement which was not permitted was what Figueroa told Benoit about events that transpired during a violent incident with Mendes.  Whether the response to this question falls under the rubric of Fed.R.Evid. 801(d)(1)(B) as a prior consistent statement is unclear, for under this rule, a prior consistent statement must have been made prior to the existence of the

motive to fabricate. Fed.R.Evid. 801(d)(1)(B). <u>Tome v. Untied States</u>, 513 U.S. 150 (1995). <u>See</u> also, <u>United States v. Simonelli</u>, 237 F.3d 19 (1st Cir. 2001)(where prior consistent statement is not offered for its truth, but for rehabilitation, R. 801 does not apply). In this case, Figueroa did not establish, nor attempt to establish, through proffer or otherwise, a time frame for any alleged conversation, so that it is impossible to know whether the statement was made prior or subsequent to the motive to fabricate. This, alone, defeats the argument that the substance of the conversation should have been admissible under 801.

Assuming, *arguendo,* that the response to the question was erroneously excluded either under 801 or some other rule, a new trial is not warranted. The excluded answer is one in a case against Figueroa that took approximately two weeks to present. The evidence against Figueroa was overwhelming, and, Figueroa was given much leeway in presenting evidence of her duress defense. Figueroa testified to her relationship with Manuel Mendes since she was 13 years old. Both witnesses offered by her corroborated portions of the events to which Figueroa testified. The fact that one witness was not permitted to testify to one statement made by Figueroa does not give rise to that "rare circumstance" where a new trial would be in the interest of justice. <u>United States v. Rosario-Diaz</u>, 202 F.3d at 66.

6

Accordingly, Figueroa's motion for a new trial should be denied.

## CONCLUSION

Based upon the foregoing, Figueroa's motion for a new trial should be denied.

```
                              MICHAEL J. SULLIVAN
                              United States Attorney


                         By:  /s/ Susan M. Poswistilo
                              SUSAN M. POSWISTILO
                              Assistant U.S. Attorney
```