### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. |
| | ) | 04-10098-WGY |
| v. | ) | |
| | ) | |
| CARMEN FIGUEROA, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR A DOWNWARD DEPARTURE

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, opposes the motion for a downward departure filed by the defendant, Carmen Figueroa ("Figueroa"), and submits this memorandum in support of such opposition.

### ARGUMENT

On June 7, 2006, the government filed its Sentencing Memorandum relating to defendant Figueroa, which set forth a statement of the case and its position on sentencing.  For purposes of this opposition, the government incorporates in its entirety the facts and arguments set forth therein, as well as relies upon the following.

### A.  Motion for a Downward Departure

Figueroa seeks a downward departure from the Sentencing Guidelines pursuant to §5K2.12.  She claims that she was coerced into the drug conspiracy by co-defendant Manuel Mendes ("Mendes").  She cites her abusive relationship with Mendes from the time she was 13 years old.  She refers this court to *The*

*Domestic Violence Source Book*, and claims she represents a classic case therein, despite the fact she does not articulate what this book advocates, nor does she present any expert testimony in support thereof. Significantly, she does not refer the Court to any specific situation that represents her case – the case where the abused knows that the purported abuser has been, and will continue to be, physically removed from her presence for at least an 8-10 year period of time because of incarceration.

In United States v. Sachdev, the First Circuit recognized that where, as here, a duress defense to criminal liability is rejected, a lesser showing of duress may play a role in sentencing. United States v. Sachdev, 279 F.2d 25, 28 (1st Cir. 2002). The Court stated, however, that "mere" duress is insufficient to warrant a departure, but that the defendant must prove that the duress be "serious." Id. In making this determination, the district court should consider whether a reasonable person in the defendant's position would perceive a threat. Id.[1] Neither personal financial difficulties nor

---

[1]The First Circuit recognized that a certain group of individuals may be subject to a particular vulnerability, such as battered person's syndrome. In these situations, the First Circuit noted, but did not decide, that this particular vulnerability may be relevant when a defendant's fear of threats was honest, but unreasonable. United States v. Sachdev, at 279 F.2d at 28, fn.2. Figueroa does not argue in her motion that she suffers from battered person's syndrome.

2

economic pressures upon a trade or business warrant a decrease in sentence.  Id.

Figueroa suggests that she was under duress during the fourteen months in which she participated in the drug conspiracy. In support of the coercion and duress theory, she testified to veiled threats made by two relatives of Mendes early in the conspiracy.  Assuming these conversations occurred, it is questionable that they would constitute threats to a reasonable person, or, in fact, constituted threats to Figueroa.  Neither of the two relatives, Mendes' father and cousin, were part of the drug conspiracy.  They did not reside near her, and the record does not indicate how often, if at all, Figueroa saw them. Indeed, Figueroa knew that Mendes could not contact his cousin directly, as his cousin was not on the authorized list of callers in the Plymouth House of Corrections.

The telephone calls offered into evidence at trial also show that Figueroa was not under duress or coercion.  None of the calls suggested that Figueroa was terrified of Mendes, that Mendes coerced her, or threatened her with physical harm. Indeed, they indicate just the opposite.  Figueroa held her own against Mendes during many of the conversations - she demeaned him and he demeaned her.  They discussed mundane details of life and the children.  They discussed finances, and they discussed the drug trade.

3

Finally, Figueroa admitted she lied to the police after the break-in of her apartment. The government suggests she lied in order to deflect suspicion about the excessive amount of cash stolen from her, for, as she recognized, she was a student and a single mother. She did not lie because she was afraid of Mendes.

Indeed, the evidence suggests that Figueroa entered the conspiracy for money. Mendes was the father of her children, had either been the provider, or had arranged for her financial well being, throughout her history with him. After Mendes' brother was murdered, Mendes needed to regroup his drug trade to earn money. Figueroa joined the conspiracy because she and he both recognized this. They needed money to pay for her daily living expenses, and, apparently, legal employment was not in the cards.

The government also notes that Figueroa could have escaped the coercion and duress she allegedly believed she was under, but did not. At the time of the conspiracy, Figueroa knew that Mendes would have been incarcerated for almost a decade in the future. During this time, she could have taken steps to avoid him, his illegal drug trade and his family. She could have refused his calls, she could have obtained an unlisted phone number, she could have sought counseling at the many organizations that exist for such a purpose, she could have reported Mendes to the authorities at the Plymouth House of Corrections, she could have reported Mendes and his drug

4

organization to the local police.  Indeed, she could have taken her children, her car, and started a new life.  Figueroa chose not to do any of these things but instead chose to continue her life in the drug trade.

Accordingly, based upon the foregoing, the defendant's motion for a downward departure should be denied.

**B.  Role in the Offense**

Figueroa suggests she should be given a two level reduction because of her minor role in the offense.  To be entitled to a role reduction, Figueroa must prove that she "is less culpable than [her] cohorts in the particular criminal endeavor and less culpable than the majority of those within the universe of persons participating in similar crimes." United States v. Santos, 357 F.3d 136, 142 (1st Cir. 2004), *citing*, United States v. Sanchez, 354 F.3d 70 (1st Cir. 1995).  Figueroa failed to meet her burden in this regard.

Contrary to her assertions, Figueroa played a major role in the conspiracy.  She participated on a daily basis on virtually every aspect of it, and had a full understanding of the scope of the conspiracy.  She facilitated communications between and among her co-defendants, she was solely responsible for handling the drug proceeds, she was the main contact with the source of supply, she arranged logistics for drug deliveries, and she enlisted the services of co-defendant Alves to deliver crack to

certain customers.  She had control over the drug proceeds and shared in their profits.  She attempted to protect Mendes and the drug conspiracy, when she lied to the police after the break in at her apartment.  In short, she was a major player in the conspiracy, who was as culpable as other members of the conspiracy.  This does not constitute the circumstances in which a role reduction is warranted.

## C.  Conclusion

As set forth in its Sentencing Memorandum, the government recommends that Figueroa be sentenced at the low end of the Sentencing Guidelines (AOL 36/CHC I), and that she is sentenced to a period of incarceration of 188 months, no fine, due to her inability to pay a fine, a period of supervised release of 3 years and a special assessment of $100.


                                   MICHAEL J. SULLIVAN
                                   United States Attorney


                           By:    /s/ Susan M. Poswistilo
                                   SUSAN M. POSWISTILO
                                   Assistant U.S. Attorney


**CERTIFICATE OF SERVICE**

I hereby certify on this 11th day of July 2006 that the United States' Opposition to Defendant's Motion for Downward Departure filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

                           /s Susan M. Poswistilo
                           Susan M. Poswistilo
                           Assistant United States Attorney