```
 1                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MASSACHUSETTS
 2
                                           Criminal No.
 3                                         04-10098-WGY

 4
     * * * * * * * * * * * * * * * *
 5                                  *
     UNITED STATES OF AMERICA       *
 6                                  *
     v.                             *   SENTENCING EXCERPT
 7                                  *
     CARMEN FIGUEROA                *
 8                                  *
     * * * * * * * * * * * * * * * *
 9

10

11
               BEFORE:  The Honorable William G. Young,
12                              District Judge

13

14

15   APPEARANCES:

16          SUSAN M. POSWISTILO, Assistant United
        States Attorney, 1 Courthouse Way, Suite 9200,
17      Boston, Massachusetts 02210, on behalf of the
        Government
18
            JOHN H. LaCHANCE, ESQ., 600 Worcester Road,
19      Suite 501, Framingham, Massachusetts 01702, on
        behalf of Carmen Figueroa
20

21

22

23

24                                      1 Courthouse Way
                                        Boston, Massachusetts
25
                                        July 12, 2005
```

```
 1            THE COURT:  Ms. Carmen Figueroa --
 2            THE DEFENDANT:  Yes.
 3            THE COURT:  -- pursuant to the provisions of 18
 4   United States Code, Section 3553, the information from the
 5   United States Attorney, your attorney, the probation officer
 6   and yourself, this Court sentences you to eight years -- 96
 7   months -- in the custody of the United States Attorney
 8   General.
 9            The Court imposes thereafter a period of five years
10   of supervised release to follow; no fine due to your
11   inability to pay a fine; a $100 special assessment.
12            The Court puts the following special conditions on
13   your supervised release.  That you are to refrain from the
14   unlawful use of a controlled substance and submit to drug
15   testing during the period of supervised release not to
16   exceed 104 drug tests per year; submit to a collection of a
17   DNA sample.
18            You're prohibited from possessing a firearm,
19   destructive device or other dangerous weapon.  You're to
20   participate in mental health treatment as directed by the
21   probation office.  You're required to contribute to the
22   expense of these treatments.
23            Let me explain this sentence to you.  This sentence
24   is adequate but does not exceed what is necessary to achieve
25   the goals of the criminal law.  I am satisfied that you need
```

```
 1   no particular term of incarceration to deter you from this
 2   type of further criminal conduct.  I take you as a generally
 3   passive person and until you were imprisoned and, to your
 4   credit, took advantage of the rehabilitation that's
 5   available in prison, I don't think you seriously
 6   contemplated or considered what your options were or how
 7   your passively going along with this conduct contributed to
 8   a most serious criminal experience -- serious criminal
 9   conspiracy.  I hope, but it is only a hope, and I will do
10   whatever I can to make available to you the rehabilitation
11   devices and programs that are present in prison.
12           The sentence is an appropriate sentence to punish
13   you.  Eight years is a long, long time.  It accomplishes the
14   goals of general deterrence without distinguishing on the
15   basis of who was the girlfriend and who is the female, but
16   accurately distinguishes as between the leader of the
17   criminal enterprise, Mr. Mendes, the supplier, Mr. Tejeda,
18   the principal lieutenant, Mr. Custer, and you, who were at
19   the center but were simply carrying out orders.  Given the
20   extensive conspiracy for crack cocaine, this eight year
21   sentence is an appropriate sentence.
22           Now, why do I not follow the strong advice of the
23   congress and sentence you to 188 months, nearly sixteen
24   years.  I do not primarily because the guidelines themselves
25   have a ground for a lower sentence when the crime is in part
```

```
 1   the result of coercion and distress -- duress not sufficient
 2   to warrant the defense.  And as I've already said, though it
 3   was surely a triable case, this wasn't a duress case here.
 4   The jury was right.  If you look back on this, you were not
 5   under duress.
 6           But I do -- so we're clear, on a factual record, I
 7   find by a fair preponderance of the evidence that
 8   Ms. Figueroa engaged in a relationship which by its very
 9   nature is an abusive relationship commencing at age
10   thirteen, had her first child by Mr. Mendes at fourteen, had
11   a second child, was beaten by Mr. Mendes upon his release
12   from prison the first time, was subjected to twelve to
13   fifteen communications all in very short periods of time,
14   his phone calls while in prison.  All of which would lead a
15   reasonable person to believe that Mr. Mendes was
16   significantly in control of his own terms of confinement in
17   that prison.  Disgraceful as this may be, he could interrupt
18   her life with his phone calls on a continuing basis.
19           Now, I do not find that she's a battered woman.  I
20   do not find that she suffers from any such syndrome.  At the
21   same time, any fair assessment of this evidence would lead,
22   leads me, and I'm the fact finder here, to conclude that
23   this passive individual, suffering what has got to be
24   considered abuse at a most impressionable age, remained
25   passive to his instructions, however improper and criminal
```

```
 1   those instructions were, thereafter and, therefore,
 2   consistent with this Court's reasoning in United States v.
 3   Osseiran, this is a case where 5K2.12 is appropriate.
 4           To the extent that I need -- to the extent that any
 5   further coloration is warranted, I take comfort from the
 6   fact that the guidelines are advisory and that this
 7   sentence, given the sentence, each individual sentence,
 8   fairly and impartially imposed upon the other offenders,
 9   this sentence is appropriately proportional and is a fair
10   and a just sentence consistent, and therefore reasonable,
11   with the criteria of Section 3553.
12           Ms. Figueroa, you shall have credit toward the
13   service of this sentence from the period from March 16,
14   through March 19, 2004, and from May 20, 2005 to the
15   present.
16           You have the right to appeal from any findings or
17   rulings the Court has made against you.  Should you appeal
18   and should your appeal be successful in whole or in part and
19   the case remanded, any further proceedings will be before
20   another judge.
21           Mr. LaChance, should you appeal, and I guess I
22   should say this to the government, too, if anyone's going to
23   appeal here, I want you to make the request for
24   transcript -- well, the government doesn't have to make the
25   request, but you, Mr. LaChance, as it's government money,
```

```
 1   have to make a request, make that request before you file
 2   your notice of appeal and I lose jurisdiction, so that I can
 3   turn it around immediately and we don't have to wait for the
 4   preparation of transcripts.
 5           Do you understand?
 6           MR. LaCHANCE:  I believe so, your Honor.  You want
 7   me to make it --
 8           THE COURT:  Before you file your notice of appeal.
 9           MR. LaCHANCE:  -- before I file the notice so that
10   you can approve it and --
11           THE COURT:  Which I will do within 24 hours.
12           MR. LaCHANCE:  All right.
13           THE COURT:  That's the sentence of the Court.
14           MR. LaCHANCE:  Thank you, your Honor.
15           THE COURT:  She's remanded to the custody of the
16   marshals.
17           We'll take a brief recess.
18           MR. LaCHANCE:  Your Honor?
19           THE COURT:  Yes.
20           MR. LaCHANCE:  I did forget to ask for one thing,
21   and that is whether your Honor would recommend the 500-hour
22   drug program.
23           THE COURT:  I do recommend the 500-hour drug
24   program; it will be included in the judgment and commitment
25   order.
```

```
 1          MR. LaCHANCE:  Thank you, your Honor.
 2          THE COURT:  That's the sentence.  We'll recess.
 3          THE CLERK:  All rise.
 4          (Whereupon the matter concluded.)
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```