UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

CR No.: 04-10098-WGY

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| CARMEN FIGUEROA, | ) |
|     Defendant | ) |

**MOTION FOR EXCESS COMPENSATION**

NOW COMES, Counsel for the defendant in the above-captioned matter and moves that this Honorable Court approve excess compensation in this case for the following reasons:

1. The case involved a complex drug conspiracy which was alleged to have been operated from prison by the lead defendant, Manuel Mendes.

2. The government employed a number of investigative tactics in this case, including prison calls, Title III electronic surveillance, global positioning devices which required extensive review of the contents of the evidence collected and research into the legal foundations for the admissibility of such evidence. Motions to Suppress the prison and Title III tapes were filed and litigated.

3. One month before trial, the defendant disclosed that she had been severely abused by the lead defendant and was in essence a battered spouse. Counsel filed a Motion to Continue the trial in order to develop the defense of duress / battered women's syndrome and to have the defendant examined by a psychiatrist. The motion was denied. Defendant

nevertheless spoke to several psychiatrists and one agreed to assist him in preparing the defense but did not have time to do so in the short time period before trial. Counsel met with the psychiatrist and research battered women's syndrome as it applies to duress and intent.

4. Defendant went to trial with a duress defense. The trial lasted ten, (10) days. Counsel presented a full defense including the testimony of three, (3) witnessed and the defendant.

5. After trial, counsel reviewed the conduct of the trial and filed a Motion for New Trial on several grounds.

6. Counsel also prepared and presented a sentencing memorandum for a downward departure based upon battered women's syndrome and family circumstances. Defendant was sentenced substantially below the crack-cocaine guideline range.

7. This case required far more than the ordinary case to litigate in the manner necessary to afford the defendant a fair trial.

WHEREFORE, Counsel for the defendant moves this Court to authorize compensation in excess of the presumptive maximum fee.

Respectfully submitted,
**CARMEN FIGUEROA**
By her Attorney;

Dated: May 14, 2007

/s/ John LaChance
John H. LaChance, Esquire
BBO# 282500
600 Worcester Road
Suite 501
Framingham, MA 01702
Tel: (508) 879-5730
Fax: (508) 879-2288

**CERTIFICATE OF SERVICE**

    I, John H. LaChance, Esq., do hereby certify that I have served a copy of the foregoing upon the government by electronically filing the same upon Assistant United States Attorney Susan Postwillo located at the Office of the United Attorney, One Courthouse Way, Suite 9200, Boston, MA 02110 by utilizing the CM/ECF internet site on this 14th day of May 2007.

    /s/ John LaChance
    John H. LaChance, Esquire